Khadka v. Bondi

BIA
Cortes, IJ
A208 921 572

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand twenty-five.

PRESENT:
> JOHN M. WALKER, JR.,
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

NIRAJ KHADKA,
> *Petitioner,*

> v.                                                      **23-6264**
> > **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Stuart Altman, Esq., Law Office of Stuart Altman, New York, NY.

**FOR RESPONDENT:**          Brian Boynton, Principal Deputy Assistant Attorney General; Carl H. McIntyre, Jr., Assistant Director; Paul Fiorino, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Niraj Khadka, a native and citizen of Nepal, seeks review of a March 10, 2023, decision of the BIA affirming an October 25, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Niraj Khadka*, No. A208 921 572 (B.I.A. Mar. 10, 2023), *aff'g* No. A208 921 572 (Immigr. Ct. N.Y.C. Oct. 25, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.

2006). We review factual findings under the substantial evidence standard and questions of law and application of law to fact de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To establish eligibility for asylum, an applicant must show past persecution or a well-founded fear of future persecution. 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(a), (b). "To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (quotation marks omitted). "Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." *Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021) (internal quotation marks omitted) (quoting *Galina v. INS*, 213 F.3d 955, 958 (7th Cir. 2000)).

The agency did not err in concluding that Khadka failed to satisfy his burden of proof for asylum because he did not demonstrate that Nepali officials perpetrated or incited his persecution, were unable or unwilling to protect him from his attackers, or would be unable or unwilling to protect him in the future.

As an initial matter, Khadka's contentions that he recognized one of his attackers as a Maoist, and that some of his attackers belonged to a party that was in power at the time of the attack, are not sufficient to show he was persecuted by government actors: "An applicant's allegation that he was persecuted by members of a political party—even one that is in power nationally or . . . is aligned with a party in power nationally—does not establish that the applicant was persecuted by the government. . . . [F]or mistreatment inflicted by party members to amount to persecution, an applicant must show that the government was unwilling or unable to control the attackers." *Id.* at 115 (citing *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015), and citing *Galina*, 213 F.3d at 958).

The agency correctly acknowledged that Khadka's failure to report his attack to the police did not preclude a finding that the authorities were unable or unwilling to protect him. *See Castellano-Ventura v. Garland*, 118 F.4th 250, 254 (2d Cir. 2024) ("Failure to report harm is not necessarily fatal to a claim of persecution

4

. . . ." (internal quotation marks omitted and alteration adopted) (quoting *In re C-G-T-*, 28 I. & N. Dec. 740, 743 (BIA 2023))).  However, as the agency found, because Khadka had not reported any incidents to the police or sought their help, he needed to come forward with some other evidence that the government would be unwilling or unable to assist him.  The agency did not err in assigning relatively little evidentiary weight to Khadka's testimony that the police had refused to help his father after a subsequent attack, because Khadka's testimony was hearsay and was not corroborated by his father's own written statement.

The remaining evidence before the agency consisted primarily of country conditions reports and news articles.  The record does not support Khadka's claim that the agency cherrypicked the sources within that evidence to support its conclusion.  The agency acknowledged evidence of violence against members of political parties that oppose the Maoists, including the Nepali Congress Party, which Khadka supported, as well as incidents of police malfeasance.  But as the agency found, the evidence also shows that the Nepali government has taken steps against perpetrators of such violence.  Furthermore, much of the evidence of political violence on which Khadka relies predates his own harm in 2015—he cites the lack of prosecution of government officials involved in disappearances that

occurred during the civil conflict between 1996 and 2006, and the pardoning of a Maoist convicted of murder in 1998. Under these circumstances, the agency did not err in concluding that Khadka failed to satisfy his burden of showing that the government was or would be unable or unwilling to protect him as required for both asylum and withholding of removal. *See Singh*, 11 F.4th at 114–15.

Finally, Khadka has not shown error in the agency's denial of his CAT claim. A CAT applicant has the burden to show he will "more likely than not" be tortured. 8 C.F.R. § 1208.16(c)(2). Khadka argues that the agency did not "engage[] in any consideration of the facts." To the contrary, the BIA noted that Khadka did not challenge the IJ's determination that he had not suffered past torture, which is a factor in determining likelihood of torture. *Id.* § 1208.16(c)(3). Moreover, the BIA acknowledged evidence of police misconduct and political violence in Nepal, but concluded that considering all the evidence, Khadka had not met his burden. In his brief here, Khadka cites no evidence that would compel a conclusion contrary to the agency's. *See Quintanilla-Mejia*, 3 F.4th at 592 (stating that when "the agency's conclusion finds support in record evidence, [a petitioner] cannot secure CAT relief by pointing to conflicting evidence that might support—but not compel—a different conclusion").

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court